IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN RE: APPLICATION OF ) | |
| REPORTERS COMMITTEE FOR ) | |
| FREEDOM OF THE PRESS TO ) | No 1:18mc37 |
| UNSEAL CRIMINAL PROSECUTION ) | |
| OF JULIAN ASSANGE ) | |

Government's Response to Reporters Committee's Supplemental Memorandum

At the hearing on this matter on November 27, 2018, undersigned counsel stated that the government was aware of no instance in which any court had ever directed the government to disclose or deny the existence of a charging instrument before any defendant had been arrested. In response to the Court's inquiry, the Reporters Committee represented that it was unaware of any such instance either, but requested time to research the matter further. The Reporters Committee has submitted its supplemental pleading, and conceded that no such case can be found. Dkt #11 ("Supp. Mem."), at 2. No court has to date ordered the government to disclose or deny the existence of a charging document for important reasons outlined in the government's initial pleading.

In its Supplemental Memorandum, the Reporters Committee reiterates arguments that merit only a short response. First, the Reporters Committee incorrectly argues that the Government "relies almost exclusively" on case law involving judicial records such as search warrants and 2703d orders, rather than docket sheets and charging documents. Supp. Mem. at 1 n.1. In fact, we cited multiple cases involving the sealing of indictments, for which there surely can be, *at an appropriate time,* a First Amendment right of access. Indeed, we cited *United States v. Ellis*, 622 F.3d 784, 792-93 (7th Cir. 2010), and *United States v. Southland Corp.*, 760

F.2d 1366, 1380 (2d Cir.1985), for the proposition that, pursuant to Federal Rule of Criminal Procedure 6(e)(4), "a district court's power to seal an indictment is broad; sealing an indictment is generally permitted when it is in the public interest or serves a legitimate law-enforcement purpose." *Ellis*, F.3d at 792; *see also Southland Corp.*, 760 F.2d at 1379-80 (recounting the long history of pre-arrest sealing that was codified by Rule 6(e)(4)).[1]

Federal Rule of Criminal Procedure 6(e)(4) provides that "[t]he magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial." Fed. R. Crim. P. 6(e)(4). Inasmuch as the sealing of any indictment that might exist in this case would have been undertaken in accordance with a rule that was promulgated by the Supreme Court, the Reporters Committee is in the untenable position of arguing that the First Amendment is violated by application of the Supreme Court's rule. *Cf. Hanna v. Plumer*, 380 U.S. 460, 471 (1965) ("[T]he court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.").

The Reporters Committee further argues that public access to charging documents pre-arrest is "far from unusual." Dkt. #11, at 3. We agree. That charging documents for many defendants are not sealed before arrest, however, in no way suggests that charging documents for other defendants should not be sealed before arrest. After all, as the Reporters Committee properly concedes, the question of whether charging documents should be sealed requires a case specific determination. Dkt. #11, at 3. Once again, we agree. Indeed, Rule 6(e)(4) authorizes

---

[1] We also cited Local Rule 49(b), which applies to the sealing of charging documents other than indictments. Dkt #7, at 3, 9, and n.3.

magistrate judges to make exactly such determinations. *See United States v. Ramey*, 791 F.2d 317, 321 (4th Cir. 1986) (in reviewing the district court's exercise of its discretion to seal an indictment, "great deference should be accorded to the discretion of the magistrate, at least in the absence of any evidence of substantial prejudice to the defendant"); *United States v. DiSalvo,* 34 F.3d 1204, 1218 (3d Cir. 1994) ("We accord great deference to the discretion of the magistrate judge in sealing an indictment and review the decision only for an abuse of that discretion."); *United States v. Lakin*, 875 F.2d 168, 171 (8th Cir. 1989) ("[A] judicial officer may grant the government's request to seal an indictment for any legitimate prosecutorial objective or where the public interest otherwise requires it.").

In light of the authority accorded to magistrate judges to make case specific determinations under Fed. R. Crim. P. 6(e)(4), the Reporters Committee cannot overcome the conclusion that, if an indictment for any particular defendant exists but remains sealed, then it remains sealed because a magistrate judge issued an order for sealing it pursuant to that rule. The right to challenge any such sealing order occurs after a subject is arrested. *See United States v. Srulowitz*, 819 F.2d 37, 41 (2d Cir. 1987) ("defendant's right to challenge the propriety of the sealing is fully protected by affording him the right to a hearing *after* the indictment is opened to public inspection") (emphasis in original); *cf. Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) (petitioners have "no right to view or object to sealing orders prior to the execution of search warrants" as the process is necessarily ex parte).

Finally, the Reporters Committee reiterates its argument that there can be no justification for sealing because "the fact that Assange has been charged is public, *at a minimum,* it is easily surmised from what is already in the public record." Supp. Mem., at 9 (emphasis in original). As

we noted at the hearing on November 27th, the Fourth Circuit rejected a similar argument when it was made in the *Moussaoui* case:

> Intervenors also note that much of the information contained in the pleadings has been reported publicly and suggest that for this reason, sealing is no longer required. This court has previously rejected such an argument, noting that "[i]t is one thing for a reporter or author to speculate or guess that a thing may be so or even, quoting undisclosed sources, to say that it is so; it is quite another thing for one in a position to know of it officially to say that it is so." *Alfred A Knopf, Inc. v. Colby*, 509 F.2d 1362, 1370 (4th Cir.1975); *see Pelton*, 696 F.Supp. at 158 ("[T]here is a difference between speculation and confirmation.").

*United States v. Moussaoui*, 65 F. App'x. 881, 887 n.5 (4th Cir. 2003).

For the foregoing reasons, and for those included in our initial pleading, there is no First Amendment or common law right to require the government to confirm or deny the existence of charges prior to an arrest. If the public court record/docket does not contain charges against a particular individual, there are two possibilities: 1) the person is not charged; or 2) the person is charged under seal. In either event, the government is not required to publicly acknowledge which of those two possibilities happens to be the case with respect to any individual.

Therefore, the United States requests that the Court deny the Reporters Committee's Application to Unseal.

                                        Respectfully submitted,

                                        G. Zachary Terwilliger
                                        United States Attorney

By:    /s
       Gordon D. Kromberg
       Assistant United States Attorney
       United States Attorney's Office
       Eastern District of Virginia
       2100 Jamieson Avenue
       Alexandria, Virginia 22314
       (703) 299-3700
       gordon.kromberg@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all attorneys of record.

                                    /s
                                  Gordon D. Kromberg
                                  Assistant United States Attorney
                                  Attorney for the United States of America
                                  United States Attorney's Building
                                  Justin W. Williams U.S. Attorney's Building
                                  2100 Jamieson Avenue
                                  Alexandria, Virginia  22314
                                  Phone:  703-299-3700
                                  Fax:  703-299-3981
                                  Email Address: gordon.kromberg@@usdoj.gov