# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

IN RE THE APPLICATION OF
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS TO UNSEAL
CRIMINAL PROSECUTION OF JULIAN
ASSANGE

Misc. Action No. 18-mc-37
Related to Case No. 18-cr-111

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF THE RENEWED APPLICATION OF
## THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
## TO UNSEAL CRIMINAL PROSECUTION OF JULIAN ASSANGE

Caitlin Vogus
VA Bar No. 81054
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
cvogus@rcfp.org
*Counsel of Record for Applicant the Reporters
Committee for Freedom of the Press*

Katie Townsend*
Gabriel Rottman*
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
*Admitted Pro Hac Vice*

## PRELIMINARY STATEMENT

On April 11, 2019, WikiLeaks founder Julian Assange ("Assange") was arrested in the United Kingdom under that nation's extradition agreement with the United States. That same day, the government made public an indictment dated March 6, 2018 charging Assange with one count of conspiring to commit computer intrusions in violation of 18 U.S.C. §§ 371, 1030(a)(1), 1030(a)(2) and 1030(c)(2)(B)(ii). Indictment, *United States v. Julian Paul Assange,* 1:18-cr-111 ("*Assange*") (E.D. Va. Mar. 6, 2018), ECF No. 8 (the "Assange Indictment").

In light of the Assange Indictment and his arrest, the Reporters Committee for Freedom of the Press (the "Reporters Committee") respectfully renews its earlier application for access to sealed court records from the government's pending criminal case against Assange (the "Assange Prosecution"), which was denied by the Court without prejudice on January 30, 2019. *In re Reporters Comm. for Freedom of the Press to Unseal Criminal Prosecution of Assange*, 357 F. Supp. 3d 528, 536–37 (E.D. Va. 2019). Specifically, the Reporters Committee seeks an order unsealing the following four court records from the Assange Prosecution, which remain under seal in whole or in part: the government's motion to seal filed on December 21, 2017; an arrest warrant issued on December 21, 2017; an arrest warrant issued on March 6, 2018; and a letter. *Assange* (E.D. Va.), ECF Nos. 5, 7, 14–15. The government does not oppose unsealing of the letter docketed as ECF No. 15 provided that any applicable personal identifying information is redacted; the government opposes the remainder of the relief sought by this Renewed Application. Assange consents to the relief sought by this Renewed Application.

The First Amendment and common law give rise to a strong presumptive right of public access to judicial records from the Assange Prosecution. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) ("*Public Citizen*"). Accordingly, judicial documents from it may be sealed and

remain under seal only if countervailing factors so demand.  *Id.* at 265–66.  Given the information that has already been made public about this matter—including in the Assange Indictment and an unsealed complaint and supporting affidavit—and in light of the public's strong interest in access to court records in this case, there can be no overriding interest that overcomes the public's rights of access to the remaining sealed records at issue.

## FACTUAL BACKGROUND

Assange is an Australian computer programmer and the founder of WikiLeaks, which describes itself as a "multi-national media organization and associated library."  WikiLeaks.org, https://wikileaks.org/What-is-WikiLeaks.html.

On November 15 and 16, 2018, news media outlets, including *The Wall Street Journal*, *The New York Times*, and *The Washington Post* reported that the Justice Department had filed criminal charges against Assange.  *See* Aruna Viswanatha & Ryan Dube, *U.S. Is Optimistic It Will Prosecute Assange*, Wall Street J., Nov. 16, 2018, https://perma.cc/WTD2-YKRA; Charlie Savage, et al., *Julian Assange is Secretly Charged in U.S., Prosecutors Mistakenly Reveal*, N.Y. Times, Nov. 16, 2018, https://perma.cc/K32Q-UWJW; Zapotosky & Barrett, *supra*.

On November 15, 2018, Seamus Hughes, the deputy director of the Program on Extremism at George Washington University, reported that the U.S. Attorney's Office for the Eastern District of Virginia had pasted sections of a motion to seal from the Assange Prosecution into a publicly available sealing motion filed in an unrelated matter.  *See* @SeamusHughes, Twitter (Nov. 15, 2018, 4:48 PM), https://perma.cc/Q2UJ-RE3B.  The portions of that sealing motion disclosing the then-sealed Assange Prosecution are found in paragraphs three and five. *See* Government's Motion to Seal Criminal Complaint and Supporting Documents Pursuant to Local Rule 49(b), ¶¶ 3, 5, *United States v. Seitu Sulayman Kokayi*, No. 1:18-mj-406 (E.D. Va.

filed Aug. 22, 2018).  Specifically, paragraph three of the motion stated that any procedure

"short of sealing will not adequately protect the needs of law enforcement at this time because,

due to the sophistication of the defendant and the publicity surrounding the case, no other

procedure is likely to keep confidential the fact that Assange has been charged."  *Id.* ¶ 3.

Paragraph five of the motion stated in pertinent part that the "complaint, supporting affidavit, and

arrest warrant, as well as this motion and proposed order would need to remain sealed until

Assange is arrested in connection with the charges in the criminal complaint and can therefore no

longer evade or avoid arrest and extradition in this matter."  *Id.* ¶ 5.

  On November 16, 2018, the Reporters Committee filed an application for an order

unsealing court records—including the docket and any criminal complaint, indictment, and or

other charging document—from the Assange Prosecution.  Appl. of the Reporters Comm. for

Freedom of the Press to Unseal Criminal Prosecution of Julian Assange, *In re Appl. of Reporters*

*Comm. for Freedom of the Press to Unseal Criminal Prosecution of Julian Assange,* No. 1:18-

mc-37 (E.D. Va. Nov. 16, 2018), ECF No. 1.  On January 30, 2019, the Court issued an order

denying that application to unseal without prejudice.  *In re Reporters Comm. for Freedom of the*

*Press to Unseal Criminal Prosecution of Assange*, 357 F. Supp. 3d at 531.  Analyzing the

Reporters Committee's request for public access "through the lens of the ripeness doctrine," the

Court held that because the Reporters Committee had "not demonstrated with sufficient certainty

that Assange has been charged," its application to unseal was not ripe.  *Id.* at 536–37 (holding

that "[u]ntil there is a sufficiently certain disclosure that charges have in fact been filed the

[Reporters] Committee's common law and First Amendment claims are premature.").

  On April 11, 2019, Assange was arrested following his expulsion from the Ecuadoran

Embassy in London, where he had been living since 2012.  That same day, April 11, 2019, the

government unsealed the Assange Indictment.  Indictment, *United States v. Julian Paul Assange,* 1:18-cr-111 (E.D. Va. Mar. 6, 2018), ECF No. 8.  The Assange Indictment alleges, *inter alia,* that Assange "agreed to assist" Chelsea Manning ("Manning"), then an intelligence analyst in the United States Army, "in cracking a password stored on United States Department of Defense computers connected to the Secret Internet Protocol Network, a United States government network used for classified documents and communications . . . ."  *Id.* ¶ 7.  According to the Assange Indictment, "[a]t the time he entered into this agreement, Assange knew that Manning was providing WikiLeaks with classified records containing national defense information of the United States" and "knowingly received such classified records from Manning for the purpose of publicly disclosing them on the WikiLeaks website."  *Id.* ¶ 12.

On April 15, 2019, on the government's motion, the Court unsealed a criminal complaint against Assange and a supporting affidavit filed on December 21, 2017.  Criminal Compl. *United States v. Julian Paul Assange,* 1:18-cr-111 (E.D. Va. Dec. 21, 2017), ECF No. 1; Aff. in Supp. of a Criminal Compl. and Arrest Warrant, *United States v. Julian Paul Assange,* 1:18-cr-111 (E.D. Va. Dec. 21, 2017), ECF No. 2.  The Court also unsealed the government's motion to unseal those documents, and the Court's order granting that motion.  *United States v. Julian Paul Assange,* 1:18-cr-111 (E.D. Va. Dec. 21, 2017), ECF Nos. 20–21.

On April 16, 2019, counsel for the Reporters Committee contacted counsel for Assange and the government via e-mail to ascertain the parties' respective positions concerning a renewed request by the Reporters Committee to unseal remaining sealed docket entries and other court records from the Assange Prosecution.  In response, counsel for the government informed counsel for the Reporters Committee that the government intended to file a motion to unseal additional materials from the Assange Prosecution.

The next day, the government moved to unseal certain specific filings in their entirety, and further moved to unseal three documents—*Assange* (E.D. Va. Dec. 21, 2017), ECF Nos. 4, 5; *Assange* (E.D. Va. Mar. 6, 2018), ECF No. 11—in part, through the public filing of redacted versions of those documents.  *See* Gov't's Mot. to Unseal, *Assange* (E.D. Va. Apr. 17, 2019), ECF No. 22.  Specifically, the government moved to file redacted versions of the Redacted Criminal Case Cover Sheet filed on December 21, 2017 (ECF No. 4), and the Redacted Criminal Case Cover Sheet filed on March 6, 2018 (ECF No. 11), to maintain under seal "a portion of the defendant's address at the time."  *Id.* at 2.[1]  With respect to its motion to seal filed on December 21, 2017 (ECF No. 5), the government moved to maintain it under seal and file a redacted version for public docketing on the grounds that "it contains nonpublic information about an ongoing criminal investigation" and that "[p]remature disclosure of the information could jeopardize the investigation."  *Id.* at 1.  The Court granted the government's motion that same day.  *See* Order, *Assange* (E.D. Va. Apr. 17, 2019), ECF No. 23.

## ARGUMENT

I.      **The public's presumptive rights of access to the sealed court records at issue can be overcome only if countervailing interests require sealing.**

"It is well settled that the public and the press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings" that "springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny."  *Public Citizen*, 749 F.3d at 265 (internal citations omitted); *see also id.* at 265–66 (explaining that the "common-law presumptive right of access extends to all judicial documents and records" and "the First Amendment secures a right of access 'only to particular

---

[1] The Reporters Committee does not challenge the government's redactions to ECF Nos. 4 and 11.  Redacted Criminal Case Cover Sheet, *Assange* (E.D. Va. Dec. 21, 2017), ECF No. 4; Redacted Criminal Case Cover Sheet, *Assange* (E.D. Va. Mar. 6, 2018), ECF No. 11.

judicial records and documents'"). As the Court previously recognized, the "reason for this presumption is simple: 'Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like a fiat and requires rigorous justification.'" *In re Reporters Comm. for Freedom of the Press to Unseal Criminal Prosecution of Assange*, 357 F. Supp. 3d at 534 (quoting *Doe*, 749 F.3d at 266 (citation omitted)).

Where the First Amendment right applies, public access may be restricted only if closure is "necessitated by a compelling government interest" and the denial of access is "narrowly tailored to serve that interest." *Public Citizen*, 749 F.3d at 266. The common-law presumptive right of access can be rebutted by showing that "countervailing interests heavily outweigh the public interests in access." *Id.* "Regardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Virginia Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004) ("*VDSP*") (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)).

The burden rests with the party seeking to restrict access to demonstrate an interest that outweighs the strong presumption of public access. *Public Citizen*, 749 F.3d at 272. In addition, the Fourth Circuit has held that before a district court may seal court documents, it must consider less drastic alternatives to sealing, and provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *In re Knight Publishing Company,* 743 F.2d 231, 235–36 (4th Cir.1984); *see also Stone,* 855 F.2d at 179–81.

## II.     The government cannot meet its burden to overcome the public's strong presumptive rights of access to the sealed court records at issue.

There can be no countervailing or compelling interest justifying the continued sealing of the remaining court records from the Assange Prosecution that are at issue here.

*First*, neither the government nor Assange oppose unsealing of the "letter" docketed as ECF No. 15, and the record does not appear to reflect any reasons, whatsoever, for maintaining it under seal. *Cf. In re Knight Publishing Company,* 743 F.2d at 235 ("A district court should state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review.").[2]   Though the precise nature of the "letter" is unclear from the docket, it is "well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Public Citizen*, 749 F.3d at 265.   And, indeed, courts have expressly held that the public's presumptive rights of access apply to "letters" submitted to courts in connection with cases pending before them. *See, e.g.*, *United States v. Kravetz*, 706 F.3d 47, 58 (1st Cir. 2013) (holding a presumptive right of access applies to both "letters annexed to the parties' sentencing submissions" and "letters sent directly to the court by third parties").   Accordingly, the letter docketed as ECF No. 15 should be unsealed.

*Second*, now that Assange has been arrested, there are no countervailing interests that would justify keeping sealed the warrants issued for his arrest on December 21, 2017 and March 6, 2018, ECF Nos. 7 and 14, respectively.   Indeed, in its motion to seal filed on December 21, 2017, the government argued that the complaint and supporting documents—including the arrest warrant filed that same day (ECF No. 7)—would need to remain under seal because the information contained therein "may assist Assange *in continuing to avoid arrest* by the United States or its allies."   Gov't's Redacted Version of Sealed Mot. to Seal Case ¶ 6, *Assange* (E.D.

---

[2] The government has stated that it does not oppose unsealing of the letter so long as any applicable personal identifying information is redacted.   The Reporters Committee does not object to the redaction of personal identifying information in the letter, such as a home address or telephone number.   It is the Reporters Committee's position that the name(s) of the sender(s) and recipient(s) of the letter filed with the Court should not be redacted.

Va. Apr. 17, 2019), ECF 24 (emphasis added). Assange is now in custody and the criminal complaint and supporting affidavit have now been unsealed on the government's motion. Criminal Compl., *Assange* (E.D. Va. Dec. 21, 2017), ECF No. 1; Aff. in Supp. of a Criminal Compl. and Arrest Warrant, *Assange* (E.D. Va. Dec. 21, 2017), ECF No. 2. There can be no reason to continue to maintain the December 21, 2017 arrest warrant under seal. Similarly, as the government has stated, on the government's motion, the Court issued an order sealing the Assange Indictment and the March 6, 2018 "arrest warrant 'until the time of the arrest of the defendant.'" Gov't's Sealed Mot. ¶ 2, *Assange* (E.D. Va. Apr. 15, 2019), ECF No. 20. That time has passed. The Assange Indictment has been unsealed; the March 6, 2018 arrest warrant should be unsealed as well.

*Third*, the entirety of the government's motion to seal filed on December 21, 2017 (ECF No. 5) should also be unsealed. The government initially argued that the motion—along with the complaint, arrest warrant, and supporting affidavit—needed to be sealed to prevent Assange from "attempt[ing] to flee from or otherwise avoid prosecution in the United States." Gov't's Redacted Version of Sealed Mot. to Seal Case ¶¶ 12–14, *Assange* (E.D. Va. Apr. 17, 2019), ECF 24; *see also*, *id*. ¶ 12 (requesting that materials be sealed only until Assange was "arrested and extradited"). In particular, the government pointed to the "specific details of the evidence *included in the affidavit*" as information that could, in its view, aid Assange in attempting to avoid arrest. *Id*. ¶ 3 (emphasis added); *see also*, *id*. ¶ 6 (stating that "further information [about] the status of this investigation *such as the information contained in the affidavit in support of the proposed criminal complaint* may assist Assange in continuing to avoid arrest by the United States or its allies") (emphasis added). Now that Assange has been arrested—and that previously sealed affidavit is entirely public—that argument is no longer viable. Criminal Compl. *Assange,*

(E.D. Va. Dec. 21, 2017), ECF No. 1; Aff. in Supp. of a Criminal Compl. and Arrest Warrant, *Assange* (E.D. Va. Dec. 21, 2017), ECF No. 2.

Yet, notwithstanding Assange's arrest, and the fact that, as the government has stated, "the charge against [him] is now a matter of public record," Gov't's Sealed Mot. ¶ 3, *Assange* (E.D. Va. Apr. 15, 2019), ECF No. 20, the government has requested that a portion of the December 21, 2017 motion to seal remain hidden from public view because "it contains nonpublic information about an ongoing criminal investigation" and "[p]remature disclosure of the information could jeopardize the investigation." Gov't's Mot. to Unseal at 1, *Assange* (Apr. 17, 2019), ECF No. 22. This bald, conclusory statement—particularly in light of the facts that the motion to seal was filed more than a year ago, and the defendant is now in custody—is insufficient to satisfy the government's burden to demonstrate a countervailing interest justifying continued sealing.

Fourth Circuit precedent makes clear that the government must do more than simply assert a generalized interest in keeping court records under seal to justify continued sealing. In *VDSP*, for example, the Fourth Circuit agreed with the "general principle that a compelling governmental interest exists in protecting the integrity of an ongoing law enforcement investigation," but explained that "it is not enough simply to assert this general principle without providing *specific underlying reasons* for the district court to understand *how* the integrity of the investigation reasonably could be affected by the release of such information." 386 F.3d at 579 (emphasis added). As the Fourth Circuit stated: "*Whether this general interest is applicable in a given case will depend on the specific facts and circumstances presented in support of the effort to restrict public access.*" *Id.* (emphasis added); *see also Public Citizen*, 749 F.3d at 270 ("unsubstantiated or speculative claims of harm" are insufficient to justify sealing). Here, the

government has failed to satisfy its burden to justify continued sealing, particularly given that Assange is now in custody.

The public docketing of motions to seal is required under Fourth Circuit precedent to give "the public and press an opportunity to object" to sealing and closure of criminal proceedings. *In re Knight Publishing Co.,* 743 F.2d at 234–35 (finding that the district court erred "in giving too little weight to the presumption favoring access and making its decision to seal the documents without benefit of [the news media's] arguments for access"). At a minimum, access to motions to seal are a prerequisite to the public's understanding of both the reasons for sealing urged by the party that filed the motion, and the court's ultimate decision to seal or not seal court records. Particularly where a court in issuing a sealing order "explicitly adopts the facts that the government presents to justify sealing,"—as the government urged the Court do here, *see* ECF No. 24, ¶ 11 (quoting *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d. 424, 429 (4th Cir. 2005))—access to the government's arguments in favor of sealing is a necessity. For these reasons, the entirety of the December 21, 2017 motion to seal (ECF No. 5), should be unsealed.

***Finally***, with respect to all the remaining sealed material at issue here, the Court should not overlook the public's particularly powerful interest in transparency with respect to the Assange Prosecution. In addition to the ever-present public interest in observing the judicial branch, the public's interest in access to court records and proceedings "is at its apex," in criminal and other matters where the government is a party. *Public Citizen*, 749 F.3d at 271 ("[T]he public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in litigation."). Moreover, the press and the public have a strong interest in closely observing the government's prosecution of Assange, in particular. Though Assange has been indicted on one count of conspiring to commit

computer intrusions in violation of 18 U.S.C. §§ 371, 1030(a)(1), 1030(a)(2) and 1030(c)(2)(B)(ii), the Assange Indictment includes allegations about the receipt and publication of classified information, and has stirred widespread debate about the impact, if any, of his prosecution on journalists and the First Amendment.  *See, e.g.*, David Ignatius, Opinion, *Is Julian Assange a journalist, or is he just an accused thief?*, Wash. Post, Apr. 11, 2019, https://perma.cc/ZS6K-3KQH.

### III. To the extent the Court maintains any of the court records at issue under seal, specific, on-the-record factual findings are required.

Before the Court determines that countervailing interests demand that any of the court records at issue remain sealed, it must consider less drastic alternatives to sealing, and provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.  *In re Knight Publishing Co.,* 743 F.2d at 235; *see also Stone,* 855 F.2d at 179–81.  The Court's "findings must be specific enough to enable a reviewing court to determine whether the [sealing] order was proper."  *In re Knight Publishing Co.,* 743 F.2d at 235.  Accordingly, to the extent the Court denies any portion of the relief sought by this Renewed Application, the Reporters Committee respectfully requests that the Court enter an order "stat[ing] the reason for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing."  *Id.*

### CONCLUSION

For the foregoing reasons, the Court should grant the Reporters Committee's Renewed Application and enter the Proposed Order filed concurrently herewith.

Dated:  April 18, 2019

Respectfully submitted,

*/s/ Caitlin Vogus*
_____

Caitlin Vogus
VA Bar No. 81054
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
cvogus@rcfp.org
*Counsel of Record for Applicant the Reporters*
*Committee for Freedom of the Press*

Katie Townsend*
Gabriel Rottman*
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
*\*Admitted Pro Hac Vice*